IN THE UNITED STATES DISCTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.

HIGH POINT CONDOMINIUM
ASSOCIATION, INC.,

          Plaintiff,

vs.

ALLSTATE INSURANCE COMPANY,

          Defendant.
_____/

## DEFENDANT, ALLSTATE INSURANCE COMPANY'S NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that the Defendant, ALLSTATE INSURANCE COMPANY (hereinafter "Defendant" or "ALLSTATE"), a foreign corporation, by and through its undersigned counsel and pursuant to 28 U.S.C. §1446, hereby files this Notice of Removal, in order to Remove the above-captioned civil action from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, to the United District Court for the Southern District of Florida. The above-captioned civil State Court action is entitled *High Point Condominium Association, Inc., v. Allstate Insurance Company*, Case No.: 50 2010 CA 017754 XXXX MR (hereinafter "State Court Action"). The grounds for Removal are the following:

    1.    Allstate is the Defendant in a civil action brought by Plaintiff, HIGH POINT CONDOMINIUM ASSOCIATION, INC. (hereinafter "Plaintiff" or "High Point"), in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, which is located within the West Palm Beach Division of the United States District Court for the Southern District of Florida. The action is a suit between citizens of different states in which the amount

in controversy exceeds $75,000.00. Allstate is entitled to remove this action because this Honorable Court has original jurisdiction based on diversity of citizenship as provided by 28 U.S.C. § 1332.

2. The Complaint was filed in State Court on or about July 8, 2010, and alleges, *inter alia*, breach of contract as well as seeks to compel appraisal, based upon Allstate's alleged failure to pay Plaintiff for commercial property damages. Allstate was served with process and a copy of the Complaint on July 30, 2010, the date upon which the Chief Financial Officer of the State of Florida forwarded a copy of the Complaint to Allstate's designated agent and was received by Allstate's designated agent for service of process on July 30, 2010. This Notice of Removal is timely filed within 30 days of Allstate's receipt of the initial pleading and/or receipt of other papers from which it can first be ascertained that the case is one which is removable. Complete copies of all process, pleadings, and any orders served upon Allstate in the State Court Action are collectively attached to this Notice of Removal, pursuant to 28 U.S.C. § 1446(a), as Exhibit "**1**."

3. At all material times hereto, including the time of the filing and service of the Complaint in the State Court Action, and the time of filing and service of this Notice, Plaintiff was and is a Florida non-profit corporation with its principal place of business located in Palm Beach County, Florida.

4. At all material times hereto, Allstate was and is a foreign corporation doing business in the State of Florida and is incorporated in the State of Delaware with its principal place of business in the State of Illinois.

5. Although the Complaint alleges that Plaintiff seeks to recover damages from Allstate in an unspecified amount exceeding $15,000.00, and therefore not a case which is

removable from the jurisdictional face of the pleading, the documents from the Plaintiff and the allegations in the Complaint demonstrate that Plaintiff is seeking an amount in controversy exceeding $75,000.00, exclusive of interest, costs, and attorney fees.

6. The Complaint alleges that Plaintiff is the insured under a certain policy of insurance and that Allstate issued said policy of insurance.

7. The Complaint further alleges that while said certain policy of insurance was in effect, Plaintiff sustained damages to property on or about October 24, 2005, as a result of Hurricane Wilma.

8. The Complaint alleges that Plaintiff notified Allstate of the loss and damages but that "Allstate breached the policy by failing to pay High Point all benefits due and owing under the Policy." Although not attached to the Complaint, Allstate assumes said notice is the purported Sworn Statement in Proof of Loss ("Proof of Loss") submitted to Allstate's attorney by Plaintiff's attorney under cover letter from Plaintiff's attorney, dated December 23, 2009. A copy of the Proof of Loss, dated December 23, 2009, and Plaintiff attorney's cover letter, dated December 23, 2009, are collectively attached hereto as Exhibit "**2**."

9. The Proof of Loss, dated December 23, 2009, provides that the "Amount Claimed under the above numbered policy is…estimated…$1,150,351.42," which clearly establishes that the amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorney fees.

10. The Complaint further alleges that on November 23, 2009, Plaintiff "demanded appraisal of this loss because it disagrees with Allstate regarding the amount of the loss" and that "Allstate has refused to agree to proceed to appraisal for a binding determination of the loss."

11. Plaintiff's Complaint, *inter alia*, seeks damages against Allstate for damages, pre-judgment interest, and attorneys' fees "pursuant to F.S.A. § 627.428."

12. Plaintiff's Complaint, *inter alia*, also seeks to compel Allstate to "honor the appraisal provision, immediately appoint its appraiser to determine the amount of loss, and proceed with the appraisal pursuant to the policy" as well as reimburse Plaintiff for its "attorney fees and costs incurred by the Plaintiff in prosecuting this action against Defendant pursuant to F.S.A. § 627.428."

13. The foregoing demonstrates that the amount in controversy clearly exceeds the sum of $75,000.00, exclusive of interests, costs, and attorneys' fees.

14. A copy of this Notice of Removal is being filed contemporaneously with the Clerk of the Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

**WHEREFORE**, Defendant, ALLSTATE INSURANCE COMPANY, respectfully requests that the civil action filed by Plaintiff, HIGH POINT CONDOMINIUM ASSOCIATION, INC., in the Circuit Court for the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, be removed to this Court as provided by 28 U.S.C. §1441, *et. seq.*, and that this Honorable Court accept jurisdiction of this action.

Dated this 27th day of August, 2010.

Respectfully submitted,

By: /s/Nishall N. Jairam
STEPHANIE H. LUONGO, ESQUIRE
Florida Bar No.: 0555703
sluongo@powersmcnalis.com
NISHALL N. JAIRAM, ESQUIRE
Florida Bar No.: 0056078
njairam@powersmcnalis.com
**POWERS, MCNALIS, TORRES & TEEBAGY**
P.O. Box 21289
West Palm Beach, FL 33416-1289
(561) 588-3000 Telephone
(561) 588-3705 Facsimile
Attorney for Defendant, ALLSTATE

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via Federal Express this 27th day of August, 2010, to the attorneys on the attached Service List and to the Clerk of Court-Civil Division, Fifteenth Judicial Circuit in and for Palm Beach County, Circuit/Civil Division, 205 N. Dixie Highway, West Palm Beach, Florida 33401.

BY: /s/Nishall N. Jairam
STEPHANIE H. LUONGO, ESQUIRE
Florida Bar No.: 555703
sluongo@powersmcnalis.com
NISHALL N. JAIRAM, ESQUIRE
Florida Bar No.: 0056078
njairam@powersmcnalis.com

## SERVICE LIST

HIGH POINT CONDOMINIUM ASSOCIATION, INC.
vs.
ALLSTATE INSURANCE COMPANY,

United States District Court, Southern District of Florida

CASE NO.:

Christopher N. Mammel, Esquire
cmammel@cdglawyers.com
Childress Duffy Goldblatt, Ltd.
500 Dearborn Street, Suite 1200
Chicago, IL 60654
Attorney For Plaintiff
Tel: (312) 494-0200
Fax: (312) 494-0202


SHL/NNJ/jp
DocALLINV-10340/79